NOT FOR PUBLICATION

FILED

MAR 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR DANILO DIAZ-APARACIO, | No. 07-74433 |
| Petitioner, | Agency No. A078-925-356 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2009[**]
Pasadena, California

Before: HALL and TALLMAN, Circuit Judges, and LAWSON,[***] District Judge.

Hector Danilo Diaz-Aparacio ("Diaz-Aparacio"), a native and citizen of El

Salvador, petitions for review of a Board of Immigration Appeals ("BIA") decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

upholding an Immigration Judge's ("IJ") denial of applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). Diaz-Aparacio raises three issues for review: (1) he claims the BIA abused its discretion and denied him due process by rejecting his untimely brief; (2) he claims his petition for asylum was timely; and (3) he claims substantial evidence does not support the BIA's denial of his application for asylum.[1] We deny the petition for review in part and dismiss in part for lack of jurisdiction.

Diaz-Aparacio's first contention fails because we do not have jurisdiction to review an abuse of discretion challenge to the BIA's rejection of an untimely brief, *see Zetino v. Holder*, No. 08-70390, --- F.3d ----, 2010 WL 555334 (9th Cir. 2010), and due process is not denied when the BIA rejects a brief that was untimely as the result of petitioner's counsel's own mistake, *see Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 822 (9th Cir. 2003). Here, Diaz-Aparacio's counsel admits that the brief was untimely as a result of his own difficulty with a new computer operating system. Furthermore, the proceeding was not "so fundamentally unfair that the

---

[1] Diaz-Aparacio does not challenge the BIA's denial of his applications for withholding of removal or CAT protection in his petition for review. Accordingly, he has waived any challenge to those determinations. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

alien was prevented from reasonably presenting his case," *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006), because the BIA did not summarily dismiss the appeal but instead reached the merits and affirmed the IJ's finding in a reasoned decision.

Diaz-Aparacio's second contention fails because he filed his asylum application more than one year after he entered the United States and he cannot demonstrate the existence of extraordinary circumstances that would allow the consideration of his untimely application under 8 U.S.C. § 1158(a)(2)(D). Diaz-Aparacio claims his inability to obtain documents from El Salvador constituted an extraordinary circumstance. This is not an enumerated extraordinary circumstance under 8 C.F.R. § 1208.4(a)(5), and we have never recognized it as an extraordinary circumstance. His application was thus time-barred. *See* 8 U.S.C. § 1158(a)(2)(B).

Because Diaz-Aparacio's asylum application is time-barred and he does not raise his withholding of removal or CAT claims in his petition for review, we need not decide whether substantial evidence supports the BIA's determination that he did not establish a nexus between his fear of guerilla or military recruitment and a protected ground such as race, religion, nationality, membership in a particular social group, or political opinion. We note, however, that guerilla or military recruitment is not a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478,

3

481–82 (1992) (holding that guerilla organization's repeated attempts to conscript a petitioner into its military forces does not constitute persecution on account of a protected ground).

**PETITION DISMISSED IN PART, DENIED IN PART.**

Diaz-Aparacio v. Holder, No. 07-74433

LAWSON,* District Judge, concurring in part and concurring in the judgment:

I concur in the majority's decision to deny the petition. However, for the reasons set forth in my opinion concurring in part and concurring in the judgment in *Zetino v. Holder*, No. 08-70390, --- F.3d ---, ---, 2010 WL ------- (9th Cir. 2010), I disagree with the conclusion that we have no jurisdiction to review the Board of Immigration Appeals' (BIA) denial of the petitioner's motion to accept an untimely brief. I would find, however, that the BIA did not abuse its discretion in refusing the petitioner's late brief in this case.

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.